FILED
DEC 23 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TERRENCE K. PLEASANT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ERIC D. WILSON, )<br>)<br>Respondent. )<br>) | Civil Action No. 11 2290 |

## MEMORANDUM OPINION

Petitioner states that he was convicted in the Superior Court in 1995, and that the District of Columbia Court of Appeals affirmed the convictions in December 1997 and issued its mandate in June 1998. *See* Pet. at 1-2. Years later, after the District of Columbia courts denied him relief on two *pro se* motions brought under D.C. Code § 23-110, *see id.* at 2-3, in February 2010, "[p]etitioner filed in the D.C. Court of Appeals a motion for leave to file Motion to Recall Mandate Out of Time . . . so he could raise the claim of ineffective assistance of appellate counsel." *Id.* at 3. The motion was denied on the ground that "[p]etitioner had not shown why the time limit set forth in D.C. App. R. 41(f) should not [have been] adhered to in this case." *Id.*[1]

Under District of Columbia law, "[a] prisoner in custody under sentence of the Superior Court claiming the right to be released . . . may move the court to vacate, set aside, or correct the sentence." D.C. Code § 23-110(a). A claim for such relief may arise where, for example, the Superior Court imposed a sentence "in violation of the Constitution of the United States or the laws of the District of Columbia." D.C. Code § 23-110(a)(2). Ordinarily, a District of Columbia

---

[1] "Any motion to recall the mandate must be filed within 180 days from issuance of the mandate." D.C. App. R. 41(f).

Code offender has "no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (quoting D.C. Code § 23-110(g)). However, federal courts do have habeas jurisdiction over a District of Columbia Code offender's ineffective assistance of appellate counsel claim after the he has moved to recall the mandate of the District of Columbia Court of Appeals.[2] *Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009) *cert. denied*, __U.S.__, 130 S.Ct. 2073 (2010); *see also Ibrahim v. United States*, No. 09-5052, 2011 WL 2011 WL 5924458, at *1 (D.C. Cir. Nov. 29, 2011).

In this case, petitioner had an available local remedy, recall of the Court of Appeals' mandate, yet he failed to file his motion timely. This "remedy is not made ineffective or inadequate by a [petitioner's] procedural default in availing himself of it." *Branch-El v. United States*, No. 10-0328, 2010 WL 737337, at *1 (D.D.C. Mar. 2, 2010); *see Garris*, 794 F.2d at 727 ("It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it."); *Reyes v. Rios*, 432 F. Supp. 2d 1, 4 (D.D.C. 2006) ("Even if petitioner has failed to file a motion to recall the mandate, the availability of such a course precludes the finding of inadequacy or ineffectiveness required to support his petition in this Court."). Petitioner cannot show that his local remedy is inadequate or ineffective, and the petition must be denied for lack of subject matter jurisdiction. *See Baisey v. Stansberry*, 777 F. Supp. 2d 1, 3 (D.D.C. 2011); *Wright v. Stansberry*, 759 F. Supp. 2d 49, 51 (D.D.C. 2011), *appeal dismissed*, No. 11-5046 (D.C. Cir. June 24, 2011) (per curiam); *Branch-El*, 2010 WL 737337, at *1.

---

[2] An ineffective assistance of appellate counsel claim cannot be entertained by motion in the Superior Court under D.C. Code § 23-110. *Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987). Such a claim must be brought by motion in the District of Columbia Court of Appeals to recall its mandate. *Id.*

An Order accompanies this Memorandum Opinion.

DATE: 12/22/2011

_____
United States District Judge